# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEANGELO HAYES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 3:17 CV 213 JPG/RJD ) |
| CONTINENTAL TIRE THE AMERICAS, LLC, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court pursuant to the discovery dispute conference held on October 12, 2017. On February 27, 2017, Plaintiff commenced this action, alleging employment discrimination based on race and retaliation under 42 U.S.C. § 1981. (Doc. 1.) On October 12, 2017, the Court held a discovery dispute conference at the request of Defendant. The parties' dispute focuses on Defendants' First Set of Interrogatories and First Requests for Production.

Under the Federal Rules of Civil Procedure, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "Rule 26 vests this Court with broad discretion in determining the scope of discovery, which the Court exercises mindful that the standard for discovery under Rule 26(b)(1) is widely recognized as one that is necessarily broad in its scope in order to allow the parties essentially equal access to the operative facts." *Scott v. Edinburg*, 101 F. Supp. 2d 1017, 1021 (N.D. Ill. 2000). The Seventh Circuit has recognized a

trial court's "broad discretion over discovery matters." *Spiegla v. Hull*, 371 F.3d 928, 944 (7th Cir. 2004).

At the discovery dispute conference, the parties' discussed Plaintiff's responses and objections to Defendant's discovery requests. The parties' disputes are resolved as follows:

> **Interrogatory No. 1:** State your full name, as well as all other names you have gone by, your current residence address, other addresses where you have resided or received mail in the last ten (10) years, date of birth, marital status, name of current and/or former spouse(s) (if applicable), names of children (if applicable), driver's license number and issuing state, and Social Security Number.
>
> **Resolution:** Plaintiff agrees to answer this interrogatory.
>
> **Interrogatory No. 2:** Identify each company, individual, or entity by which you have been employed or for which you have provided work from your age of majority until the present, including: the dates of employment; your reason for leaving the job; job title(s); your job duties; your rate of pay; your supervisor(s) name(s); the average number of hours you worked per week; dates you claim you were unavailable to work because of injury, illness, school, or any other reason (providing the reason); and the name and address of any unions or locals in which you have been a member, giving dates of each membership. Include, if applicable, periods of self-employment or unemployment.
>
> **Resolution:** Plaintiff shall answer this interrogatory. Plaintiff must identify dates when he was unavailable to work and the reason for the unavailability to the extent that he can remember.
>
> **Interrogatory No. 3:** Please list all sources of income you have had since January 2010, whether from employment, self-employment, disability benefits, unemployment benefits, rental property, spousal/child support judgments, Social Security benefits, or otherwise.
>
> **Resolution:** Plaintiff argues that his receipt of government benefits cannot be used to offset any back pay award, citing *Stragapede v. City of Evanston*, 125 F. Supp. 3d 818, 828 (N.D. Ill. 2015). In *Stragepede*, the court decided to not allow an employer to offset Social Security payments from a back pay award but acknowledged that the decision was discretionary. No such decision has been made in this case, and such payments remain relevant. Plaintiff shall answer this interrogatory.
>
> **Interrogatory No. 4:** Identify all employment disputes or claims regarding any terms of conditions of your employment that you have been involved in with a past or present employer (including, but not limited to, any disciplinary actions taken against you by an employer, any suspensions or probationary periods imposed upon you by an employer, any forced resignations or involuntary terminations imposed on you, any internal complaints made by or against you, and any claims or lawsuits filed). For each such

dispute or claim, identify the employer, the date, the nature of the dispute, the involved parties, any witnesses to the dispute or claim, and the ultimate resolution of such dispute or claim.

**Resolution:** The parties agreed to resolve the dispute on their own.

**Interrogatory No. 5:** State whether you have been a party to arbitration (as either a claimant or respondent), a lawsuit (as either a plaintiff or defendant), bankruptcy proceeding, or any other type of administrative or legal proceeding (as either a claimant/complainant or respondent), providing for each lawsuit or proceeding the date on which the lawsuit or claim was filed, the court or agency in which the lawsuit or proceeding was filed, whether you were a plaintiff, defendant, claimant/complainant, or respondent, the date of the disposition or resolution, the identity of all documents related to the lawsuit or proceeding, and the identity of each person with knowledge of the lawsuit or proceeding.

**Resolution:** Plaintiff shall answer this interrogatory, except to the extent that it seeks "the identity of all documents related to the lawsuit or proceeding, and the identity of each person with knowledge of the lawsuit or proceeding."

**Interrogatory No. 6:** Please state whether you have ever been charged with, arrested for, or convicted of a crime (felony or misdemeanor, but excluding non-moving traffic violations). For each such charge, arrest, or conviction, regardless of the disposition, please provide the nature of the offense charged, including the city and state where you were charged, arrested, or convicted, the date of the offense, the names and last known addresses of each and every witness to the events surrounding the offense, whether you were convicted of the offense and, if so, what sentence you received as a result of the conviction. Please also state whether you were incarcerated, placed on probation, or placed on parole. Identify all documents relating to such charge, arrest or conviction.

**Resolution:** Plaintiff represents that he has no criminal history and withdraws the objections to this interrogatory.

**Interrogatory No. 7:** State whether you have provided any testimony under oath (in a deposition, trial, hearing, affidavit, or any other proceeding or document) regarding your employment with CTA, the termination of your employment with CTA, this matter or proceeding, the allegations in your Complaint, and/or any wrongful conduct in which you believe CTA engaged. For any testimony connected with a legal or administrative proceeding, identify the lawsuit or proceeding and provide the date on which the lawsuit or claim was filed, the court or agency in which the lawsuit or proceeding was filed, whether you were a plaintiff, defendant, claimant/complainant, responded, or witness, and the name of your attorney.

**Resolution:** Plaintiff agrees to supplement his answer to this interrogatory with his statements to the EEOC and OSHA.

**Interrogatory No. 11:** If, in the past seven (7) years, you have seen, spoken to, or in any way consulted a physician, physician's assistant, surgeon, nurse, nurse practitioner, psychologist, psychiatrist, social worker, counselor, mental health practitioner or any other health care provider (whether traditional, non-traditional, or holistic), whether for a free or without charge, to be treated for any mental or physical reason whatsoever, provide with specificity and in detail the dates of treatment, the identity f each person seen, spoken to, or consulted (including his or her last known address), the reasons for said treatment, and the diagnosis, if any, and the name of any medications prescribed and/or taken, if applicable.

**Resolution:** Plaintiff represents that provided responsive information with regard to one physician. Plaintiff shall supplement his answer to this interrogatory to include all responsive information.

**Interrogatory No. 12:** Identify every person of whom you are aware who has knowledge or information regarding any of the facts or allegations contained in your Complaint, including your alleged damages, and state the substance of the facts about which you believe each such person has knowledge.

**Resolution:** Plaintiff withdraws the objection to this interrogatory.

**Interrogatory No. 13:** Identify each person, other than your attorney(s), with whom you have communicated, to whom you have given a statement (whether written, oral, recorded, or otherwise), and/or from whom you have obtained a statement (whether written, oral, recorded, or otherwise) regarding this matter or proceeding, the allegations in your Complaint, and/or any wrongful conduct in which you believe CTA engaged, including but not limited to communications with any current or former employee of CTA and/or local, state, or federal government agencies or officials. For each such person or entity, describe in detail the time and date of the communication/statement, all parties to the communication/statement, the subject matter of the communication/statement, any witnesses to the communication/statement, the nature of the communication/statement (i.e., letter, in person, electronic, telephone call, etc.), and all documents related to the communication/statement.

**Resolution:** Plaintiff shall supplement his answer to this interrogatory to identify any statements he has given to OSHA.

**Interrogatory No. 14:** Identify each e-mail address you have used, whether yours or someone else's, for any period of time between August 2011 and the present, specifically identifying the e-mail address, the time period when you used the e-mail address, whether you used the email address for personal or business use and each computer on which you sent or received email to that email address.

**Resolution:** Plaintiff represents that he has provided all responsive information.

**Interrogatory No. 15:** Do you maintain, or have you maintained in the past five (5) years, a "profile," "username," or otherwise utilize any social networking sites, such as Facebook, MySpace, LinkedIn, Twitter, etc. or any other Internet Forum? If so, please list each social networking internet forum you have visited and provide any user name or pseudonym you use. Also, provide the hyperlink (http://www.) for each profile and attach a "screen-grab" print-out of each profile to this response. Please note that any attempts to alter, change or delete this profile will be considered evidence tampering under the Federal Rules of Evidence, and CTA will bring an appropriate motion for sanctions upon the discovery of any such action.

**Resolution:** Plaintiff argues that the interrogatory is overbroad and an unnecessary invasion of privacy, citing *Ye v. Cliff Veissman, Inc.*, 2016 WL 950948 (N.D. Ill. 2016). In *Ye*, the court denied a request for a full archive of an individual's Facebook account because the requesting party had not "narrowly tailored their request to a reasonable time period and to specific content that they claim is relevant to a claim or defense." Defendant's request is significantly less broad, and the Court restricts the scope of the "screen-grab" request to profile pages that are publicly accessible. The Court is also aware that Twitter and Facebook profiles may scroll down indefinitely and restricts the scope of the "screen-grab" request to the first two pages. Subject to these limitations, Plaintiff shall answer this interrogatory.

**Interrogatory No. 16:** Identify any employee or agent of CTA whom you allege was discriminated or retaliated against on the basis of her/his race. For each such individual, describe the facts underlying that individual's discrimination or retaliation claim.

**Resolution:** Plaintiff agrees to supplement this answer with names of Defendant's employees whom he alleges were subjected to discrimination on the basis of race regardless of how he learned of such discrimination.

**Interrogatory No. 17:** Please identify any document(s) that you have seen or otherwise know the existence of that are related to your responses to any of CTA's First Set of Interrogatories or to any request in CTA's First Set of Requests for Production Directed to Plaintiff, but that you contend are not in your possession or control, including documents that have been deleted, lost, or destroyed. Include the name and address of the present custodian of each written or oral record, the date of your last contact with such document(s) and/or the last date you had knowledge that such document(s) was/were in the possession or control of the custodian.

**Resolution:** Plaintiff agrees to supplement this answer to the extent he is aware of responsive documents within the control of third parties.

**Request for Production No. 1:** All non-privileged documents that you identified or consulted in response to CTA's First Set of Interrogatories directed to Plaintiff.

**Resolution:** Plaintiff represents that he has produced all responsive documents and withdraws his objections.

5

**Request for Production No. 2:** All written or recorded communications with anyone (except your attorney) regarding the facts alleged in your Complaint.

**Resolution:** Plaintiff represents that he has produced all responsive documents.

**Request for Production No. 4:** All diaries, notes, and/or logs kept by you during and/or regarding your employment at CTA.

**Resolution:** Plaintiff represents that he has produced all non-privileged, responsive documents and will supplement his response to state that he is not withholding any non-privileged responsive documents.

**Request for Production No. 5:** All documents provided to you by any employee of CTA, or any other person, that relate to the subject matter of your claims.

**Resolution:** Plaintiff represents that he has produced all non-privileged responsive documents.

**Request for Production No. 6:** All e-mails, text messages, or other written correspondence between you and current or former CTA employees or agents, or witnesses identified in your Complaint.

**Resolution:** The Court restricts the scope of this request to communications related to the allegations in the Complaint that were made during or after Plaintiff's employment with Defendant. Plaintiff represents that he has produced all responsive documents. Plaintiff will supplement his response to state that he has produced all responsive documents subject to the Court's limitation.

**Request for Production No. 7:** All other e-mails, text messages, or other written correspondence between you and family members, friends, or anyone else (other than your attorney) that relate to you employment with CTA and/or any of the allegations in your Complaint.

**Resolution:** Plaintiff represents that he has no responsive documents.

**Request for Production No. 8:** Copies of any and all social media messages and/or postings made by and/or received by you or on your behalf to or from any current or former employee or agent of CTA and/or relating to your employment with CTA and any of the allegations in your Complaint.

**Resolution:** Defendant agrees to revise this request.

**Request for Production No. 9:** Copies of all documents submitted to, or produced or created in conjunction with an investigation conducted by, the Equal Employment Opportunity Commission, the Occupational Safety and Health Administration, the

Department of Labor, or any other government agency related to your employment with CTA.

**Resolution:** Plaintiff agrees to review the request and supplement his response.

**Request for Production No. 10:** Copies of any and all documents related to any internal complaint or report you made to CTA concerning your employment with CTA and/or any alleged wrongful behavior of CTA employees.

**Resolution:** Plaintiff represents that he has produced all responsive documents.

**Request for Production No. 11:** All other non-privileged documents that relate to your employment with CTA, including but not limited to, documents relating to any discrimination, harassment, or retaliation you allege to have experienced and/or that your reported during your employment with CTA, and all written employment policies and procedures of CTA and other CTA documents in your possession.

**Resolution:** Plaintiff represents that he has produced all responsive documents.

**Request for Production No. 12:** Any non-privileged documents relating to all disputes, up to and including administrative or legal proceedings, you have had with any of your employers, including but not limited to all disciplinary records, suspensions, unfavorable and favorable performances reviews and/or documents you received upon termination from any job.

**Resolution:** Plaintiff represents that he has no responsive documents from previous employers and agrees to supplement his response to this request.

**Request for Production No. 13:** Copies of any degree and/or license you have received from any high school, college, university, technical school, or post-secondary school that you attended.

**Resolution:** Plaintiff represents has produced all responsive documents.

**Request for Production No. 14:** Copies of your income tax returns for the years 011, 2012, 2013, 2014, 2015, and 2016.

**Resolution:** Considering the rulings on the authorizations, the Court finds this request to be duplicative, and Plaintiff need not respond.

**Request for Production No. 15:** Any documents or other tangible things that relate to any employment benefits, including but not limited to, medical insurance, dental insurance, life insurance, disability insurance, social security contribution, veteran's benefits, 401(k) contribution, or any other benefits provided to you during any employment or from any other source from January 2011, to the present.

**Resolution:** Considering the rulings on the authorizations, the Court finds this request to be duplicative, and Plaintiff need not respond.

**Request for Production No. 16:** All documents relating to any consultations, visits, appointments, communications or correspondence with any physician, health care provider, psychiatrist, psychologist, social worker, counselor, or mental health practitioner within the last seven (7) years, including but not limited to medical history, medical records, doctors' notes, medical billing statements for care, treatment, hospitalization, and/or prescription medication.

**Resolution:** Considering the rulings on the authorizations, the Court finds this request to be duplicative, and Plaintiff need not respond.

**Request for Production No. 17:** All documents provided by you or on your behalf to any person you believe has relevant information regarding the allegations in your Complaint.

**Resolution:** Defendant agrees to revise this request.

**Request for Production No. 18:** Any and all documents related to any charge, arrest, or conviction of any crime (felony or misdemeanor, but excluding non-moving traffic violations) that you identified in your responses to CTA's First Set of Interrogatories.

**Resolution:** Plaintiff represents that he has no criminal history and withdraws the objections to this request.

**Requests for Production No. 19:** An executed copy of the attached Employment Records Authorization.

**Resolution:** Plaintiff shall produce the requested document, but, considering Plaintiff's concerns regarding his current employment, Plaintiff may limit the authorization to his employers prior to his employment with CTA.

**Requests for Production No. 20:** An executed copy of the attached Medical Records Authorization.

**Resolution:** Plaintiff shall produce the requested document.

**Request for Production No. 21:** An executed copy of the attached Social Security Records Authorization.

**Resolution:** The Court agrees with Defendant's argument that such records may include information related to Plaintiff's emotional condition. Plaintiff shall produce the requested document.

**Request for Production No. 22:** An executed copy of the attached Form 4506 (Request for Copy of Tax Return).

**Resolution:** The Court agrees with Defendant's argument that such records may be relevant for purposes of mitigation or offset. Plaintiff shall produce the requested document.

**Request for Production No. 23:** An executed copy of the attached Education Records Authorization.

**Resolution:** The Court agrees with Defendant's argument that such records may be relevant for purposes of mitigation. Plaintiff shall produce the requested document but may limit the authorization to post-secondary education.

**Request for Production No. 24:** An executed copy of the attached Unemployment Records Authorization.

**Resolution:** The Court agrees with Defendant's argument that such records may be relevant for purposes of mitigation or offset. Plaintiff shall produce the requested document.

**Request for Production No. 25:** Copies of any photographs taken by you of CTA's Mount Vernon, Illinois facility or taken by you while at work at CTA.

**Resolution:** Plaintiff represents that he has produced all responsive documents.

**Request for Production No. 26:** Any notes taken by you regarding any conversations involving any current or former CTA employees or agents, or any other witnesses identified in your Complaint or your answers to CTA's interrogatories.

**Resolution:** Plaintiff represents that he has produced all responsive, non-privileged documents.

**Request for Production No. 27:** Copies of any and all video or audio recordings of conversations involving any current or former CTA employees or agents, or any other witnesses identified in your Complaint or your answers to CTA's interrogatories.

**Resolution:** Plaintiff agrees to supplement his response to include a recently received recording.

**Request for Production No. 28:** Any statement in your possession, custody, or control by any current or former CTA employee or agent, or any other witness identified in your Complaint or your answers to CTA's interrogatories.

**Resolution:** Plaintiff represents that he has produced all responsive documents and will supplement his response to state that he is not withholding any non-privileged, responsive documents.

* * *

Pursuant to the 2015 amendments, the Federal Rules of Civil Procedure require that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). A benefit of this amendment is that a party is unlikely to dispute objections if prevailing on the dispute would not result in the production of additional documents. In some of Plaintiff's responses, Plaintiff asserts objections without clarification as to the existence of responsive documents. Such clarification would have likely alleviated many of Defendant's concerns regarding discovery in this case, and the Court ORDERS the parties to revise their discovery responses to comply with Fed. R. Civ. P. 34(b)(2)(C) and to comply with Fed. R. Civ. P. 34(b)(2)(C) with respect to any prospective discovery responses.

## CONCLUSION

It is hereby ORDERED that the parties shall comply with this Order and revise their discovery requests and responses as indicated at the discovery dispute conference by November 22, 2017.

**SO ORDERED.**

**DATED: November 2, 2017**         *s/        Reona J. Daly        *
                                    **UNITED STATES MAGISTRATE JUDGE**