IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEANGELO HAYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-213-JPG-RJD |
| | ) | |
| CONTINENTAL TIRE THE AMERICAS, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

    This matter is before the Court on the discovery dispute conference held on August 16, 2018 (Doc. 53). The parties argued an objection made during the deposition of Joshua Polk. Polk is a Human Resource Manager employed by Defendant. Polk and Defendant's attorney, Sonni Nolan, conducted an interview with Pauline Gregge, a third-party witness, during the course of an investigation involving Plaintiff. The interview occurred while this current litigation was pending between Plaintiff and Defendant. Pauline Gregge is employed as a nurse at an on-site clinic of Defendant but is not an employee of Defendant. Gregge made allegations about Plaintiff which led to his termination. During the deposition of Polk, Plaintiff's counsel asked Polk his recollection of the interview with Gregge. Defendant objected to the deposition question on the basis of work product.

    Defendant argues Polk's recollection of his and Defendant's counsel's interview of Gregge is protected from disclosure by the work product doctrine because they jointly interviewed Gregge during the course of pending litigation. Defendant argues that even if counsel had not been present during the interview, the work doctrine product would still apply because the interview

was conducted because of this pending litigation. Defendant further argues Plaintiff has absolutely no need, let alone a substantial need, to question Polk about the interview of Gregge because Plaintiff's counsel is free to depose Gregge regarding the same interview. Defendant asserts Plaintiff already knows the information that Gregge divulged which led to the termination of Plaintiff because Defendant provided this information in its interrogatory answers. Defendant also asserts Plaintiff deposed Wagoner, the Human Resources Manager for Defendant, who interviewed Gregge in the ordinary and regular course of business prior to referring her to Polk to be interviewed because of the pending litigation. Defendant argues questioning Polk regarding what he remembers from the interview with Gregge reveals his and Defendant's counsel's mental processes because his selective memory discloses what he focused on as legally significant.

Plaintiff argues the work product doctrine does not apply to an interview between a human resources officer and a third-party witness. Plaintiff asserts that although litigation was pending between Plaintiff and Defendant, the interview with Gregge was conducted based on allegations she had made about Plaintiff's behavior unrelated to the pending litigation. Plaintiff argues the interview occurred in the ordinary course of business rather than for litigation purposes, therefore the work product doctrine does not apply.

Rule 26(B)(3) of the Federal Rules of Civil Procedure provides as follows:

(A) *Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

(i) they are otherwise discoverable under Rule 26(b)(1); and

(ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

> (B) *Protection Against Disclosure.* If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

*Hickman v. Taylor* extended work product protection to intangible things (such as attorney recollections or other unrecorded information). *Hickman*, 329 U.S. 495, 511, (1947).

Here, while Defendant's counsel was present and conducted a portion of the interview, the interview was not directly relevant to the pending litigation. Plaintiff filed suit against Defendant alleging discrimination based on race. The interview Polk and Defendant's counsel conducted with Gregge concerned comments of a sexual nature Plaintiff allegedly made to Gregge. The interview concerned a human resources issue and occurred during the ordinary course of business rather than for litigation purposes; therefore, it is not covered by the work product doctrine.

Based on the foregoing, Defendant's **OBJECTION** is overruled. Defendant is **ORDERED** to produce Polk to answer Plaintiff's questions concerning his recollection of the interview with Pauline Gregge.

**IT IS SO ORDERED.**

**DATED: August 20, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**